**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

DANIEL ENRIQUE FREITES BLANCO,

     Petitioner,

v.

                              Case No. 2:26-cv-00739-MIS-KK

TODD BLANCHE, Acting U.S. Attorney
General; TODD M. LYONS, Acting Director,
U.S. Immigration and Customs Enforcement;
MARY DE ANDA-YBARRA, Field Office
Director of Enforcement and Removal
Operations, El Paso Field Office; and
WARDEN, Otero County Processing Center,

     Respondents.

**ORDER DENYING MOTION TO DISMISS AND GRANTING IN PART AND DENYING
IN PART AMENDED PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28
U.S.C. § 2241**

THIS MATTER is before the Court on Petitioner Daniel Enrique Freites Blanco's Amended

Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Amended Petition"), ECF No. 7,

filed March 23, 2026.  Briefly, Petitioner is a citizen of Venezuela[1] who arrived to the United States

at the Hidalgo, Texas Port of Entry with a scheduled CBP One appointment on July 6, 2024.  See

July 6, 2024 I-213 Narrative, ECF No. 12-1 at 2.  He was issued a Notice to Appear, placed in

removal proceedings, and paroled into the U.S.  Id.  It appears that on February 6, 2026, U.S.

Immigration and Customs Enforcement ("ICE") officers arrested Petitioner at a scheduled

immigration appointment pursuant to the "national emergency declaration."  See Feb. 6, 2026 I-

213 Narrative, ECF No. 12-2 at 2.  The same day, an Immigration Judge granted the Department

---

[1]    The Government's Motion to Dismiss incorrectly identifies Petitioner's country of citizenship as
Cuba.  ECF No. 12 at 2.

of Homeland Security's motion to dismiss the July 6, 2024 Notice to Appear and, despite the fact that Petitioner has no criminal history or gang affiliations, placed him in expedited removal proceedings.  Id.  Petitioner appealed the IJ's decision to the Board of Immigration Appeals.  See Mot. to Dismiss at 3, ECF No. 12.  That appeal remains pending.  Id.  Petitioner requests immediate release and that he not be removed from the United States.  Pet. at 7.

On April 2, 2026, the Court issued an Order to Answer/Show Cause which instructs Respondents answer "MUST specify whether the Court has already ruled on the legal issue(s) in this case and, if so, whether the facts are distinguishable from prior rulings."  ECF No. 8.

On April 16, 2026, the federal Respondents filed a Motion to Dismiss the Petition that completely failed to specify whether the Court has already ruled on the legal issues in this case and/or whether the facts of this case are distinguishable from those in prior rulings.  ECF No. 12.

As it turns, out the Court has ruled on the primary legal issue presented in this case—i.e., whether 8 U.S.C. § 1225(b) or 1226(a) governs Petitioner's detention—dozens of times.  See, e.g., See, e.g., Lopez-Romero v. Lyons, 2:25-cv-01113-MIS-JHR, 2026 WL 92873 (D.N.M. Jan. 13, 2026); Pinto Hidalgo v. Bondi, Case No. 2:26-cv-00340-MIS-JMR, 2026 WL 522651 (D.N.M. Feb. 25, 2026) Sigcho v. Castro, Case No. 2:26-cv-00137-MIS-JFR, 2026 WL 482232 (D.N.M. Feb. 20, 2026); Singh v. Noem, Case No. 1:25-cv-01266-MIS-KRS, 2026 WL 242249 (D.N.M. Jan. 29, 2026); Duhan v. Noem, Case No. 2:26-cv-00019-MIS-JFR, 2026 WL 266619 (D.N.M. Feb. 2, 2026); Intriago-Sedgwick v. Noem, No. 1:25-cv-01065-MIS-LF, 2025 WL 3688155 (D.N.M. Dec. 19, 2025), report and recommendation adopted No. 1:25-cv-01065-MIS-LF, ECF No. 27 (D.N.M. Jan. 6, 2026).

The Court finds that the facts of this case are materially indistinguishable from prior cases the Undersigned Judge has decided involving habeas petitioners who were detained within the

2

United States, rather than at a border crossing or port of entry,[2] and adopts the findings contained in its Order Granting the Petition for Writ of Habeas Corpus in Lopez-Romero v. Lyons, Case No. 2:25-cv-0113-MIS-JHR, 2026 WL 92873 (D.N.M. Jan. 13, 2026). Briefly, the Court finds that 8 U.S.C. § 1226(a) governs Petitioner's detention, his continued detention without a bond hearing violates his Fifth Amendment right to due process, and, as such, he is entitled to habeas relief. The Court further finds that Respondents failed to articulate a legitimate interest in Petitioner's continued detention and therefore orders his immediate release. See generally Resp., ECF No. 7. The Court further orders that Petitioner shall not be re-detained—absent a final order of removal and concrete, imminent travel plans to remove Petitioner—without a pre-deprivation bond hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk. Finally, the Court retains jurisdiction to ensure compliance with its Order.

To the extent that Petitioner requests that the Court review the IJ's decision and order he not be removed from the United States, the Petition is denied. Congress enacted 8 U.S.C. § 1252, known as the "zipper clause," to limit District Courts' jurisdiction over claims challenging removal orders. See Jennings v. Rodriguez, 583 U.S. 281, 316-17 (2018). Under the zipper clause, District Courts generally lack jurisdiction over "all questions of law and fact" that arise from a removal order, and "[n]either habeas corpus" nor "any other provision of law" can be used to avoid § 1252(b)(9)'s jurisdictional bar. Id. at 317.

Therefore, it is **HEREBY ORDERED** that:

1. Respondents' Motion to Dismiss, ECF No. 12, i**s DENIED**;

---

[2] At a minimum, Respondents have wholly failed to articulate why this case is distinguishable from the prior cases this Court has decided.

2       The Amended Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241, ECF No. 7, is **GRANTED IN PART AND DENIED IN PART** consistent with this Order;

3.      Respondents are **ORDERED** to immediately release Petitioner Daniel Enrique Freites Blanco from custody/detention without restraints beyond those that existed before his unlawful detention;

4.      Respondents **SHALL** return all of Petitioner's personal belongings to Petitioner;

5.      Respondents **SHALL NOT** re-detain Petitioner—absent a final order of removal and concrete, imminent travel plans to remove Petitioner—without a pre-deprivation hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk; and

6.      The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order.

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE